IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES PHILLIP ISOM                                                                     PLAINTIFF

v.                                          5:15CV00328-JM

STEVE BOBO, et al.                                                                     DEFENDANTS

## MEMORANDUM AND ORDER

**I.      Introduction**

Plaintiff Isom, an inmate incarcerated at the Arkansas County Detention Center, has been granted in forma pauperis status to proceed in this action filed pursuant to 42 U.S.C § 1983.

In his Complaint, Plaintiff states he was arrested in May, 2015, but Defendants did not provide him with a copy of the search warrant for his residence until four days later. Plaintiff complains Defendants seized items which were not included in the warrant, and asks the Court to order the charges dropped, return of his seized property, plus compensation for days spent in Jail.

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780

1

F .2d 1334, 1337 (8th Cir.1985).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III.   Analysis**

Initially, it appears Plaintiff is asking this Court to interfere with a pending state court proceeding.  Plaintiff does not state whether or not he has been convicted of the charges for which he was arrested, and asks the Court to take action related to those charges.  However, this would violate the public policy which forbids federal courts from staying or enjoining pending state court proceedings absent special circumstances. See Younger v. Harris, 401 U.S. 37, 41 (1971).

In addition, Plaintiff's claim for damages should be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-7 (1994).  In that case, the Court held that if a judgment in favor of

a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996). In this case, a judgment in favor of Plaintiff on his Complaint for damages would imply the invalidity of his arrest and imprisonment in the Arkansas County Detention Center, and Plaintiff does not allege or offer any evidence that his charges/sentence were reversed, expunged or called into question by a state tribunal or federal court. Therefore, the Court finds his Complaint should be dismissed.

**IV.  Conclusion**

   IT IS, THEREFORE, ORDERED that:

   1.   Plaintiff's Complaint against Defendants is DISMISSED without prejudice to Plaintiff's right to reassert his claim should his imprisonment be invalidated by a state tribunal or federal court.

   2.   Dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

   3.   The Court certifies that an in forma pauperis appeal from a Memorandum and Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998), where the Court held that a complaint construed as stating both habeas and section 1983 claims which was dismissed as frivolous and for failure to exhaust state court remedies, could be considered a "strike" within the meaning of the PLRA.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 21st day of October, 2015.

_____
JAMES M. MOODY, JR.
UNITED STATES DISTRICT JUDGE